IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLARESSA RIDDLE
3040 South Morland Blvd. Apt. 3
Cleveland, Ohio 44120

Plaintiff,

v.

CITIZENS BANK, NATIONAL ASSOCIATION
One Citizens Plaza
Providence, Rhode Island 02903

PLEASE ALSO SERVE:
Statutory Agent
Corporation Service Company
50 West Broad Street Suite 1330
Columbus, Ohio 43215

-and-

TIA ROBERTSON
16822 Harvard Ave.
Cleveland, Ohio 44128

Defendants.

CASE NO.

JUDGE:

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT AND DAMAGES AND INJUNCTIVE RELIEF**

**(Jury Demand Endorsed Hereon)**

Plaintiff Claressa Riddle by and through undersigned counsel, as her First Amended Complaint against Defendants, states and avers the following:

**PARTIES**

1. Riddle is a resident of the city of Cleveland, county of Cuyahoga, in the state of Ohio.
2. Citizens Bank National Association ("Citizens Bank") is a foreign for-profit corporation conducting business in the state of Ohio with its principal place of business located in the state of Rhode Island at One Citizens Plaza, Providence 02903.
3. During all times material to this Complaint, Citizens Bank was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of

Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

4. During all times material to this Complaint, Plaintiff was an "employee" of Citizens Bank within the meaning 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).
5. Robertson is an employee manager of Citizens Bank.
6. Robertson did, and, at all times hereinafter mentioned, acted directly or indirectly in the interest of Citizens Bank and/or within the scope of being a manager for Citizens Bank.
7. At all times relevant herein, Robertson supervised and/or controlled Riddle's employment with Citizens Bank.
8. Robertson was an employer within the meaning of R.C. § 4112.01(A)(2).

**JURISDICTION & VENUE**

9. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.
10. This Court has personal jurisdiction over Citizens Bank because it is a foreign for-profit corporation that conducts business in this District, and at all times material to the allegations contained herein, Defendant conducted business in this District and had sufficient minimum contacts within this District.
11. This Court has personal jurisdiction over Citizens Bank because it maintains control, oversight, and direction over the operation of Citizens Bank branches and employees, including their employment practices.
12. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.





13. This Court has supplemental jurisdiction over Riddle's state law claims pursuant to 28 U.S.C. § 1367 as Riddle's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

14. All material events alleged in this Complaint occurred in Cuyahoga County.

15. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and have been responsible for the acts alleged herein, all of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District.

**FACTS**

16. Riddle is female.

17. Riddle is African American.

18. Riddle has a light skin tone.

19. Riddle is Muslim.

20. Riddle is a follower of the Islamic faith.

21. Riddle is a former employee of Defendants.

22. On or about August 25, 2016, Defendants hired Riddle as Senior Personal Banker.

23. As Senior Personal Banker, Riddle was a non-exempt employee, and subject to the minimum wage and overtime requirements of the FLSA and the Ohio Wage Law.

24. Riddle was an hourly employee.

25. Riddle regularly worked over forty hours per week for Citizens Bank.

26. During her employment at Citizens Bank, Riddle was entitled to receive overtime pay for any hours worked in excess of forty per week.

27. Defendants did not pay Riddle overtime for any hours worked in excess of forty per week.





28. During Riddle's employment with Citizens Bank, Robertson manually adjusted Riddle's self-reported time sheets to deny Riddle overtime compensation for any hours worked in excess of forty per week.

29. During her employment with Defendants, Riddle complained about working as many as 46 hours per week without receiving overtime compensation.

30. Defendants willfully and intentionally failed to compensate Riddle for hours she worked in excess of forty hours per week.

31. Defendants knew that Riddle was working over forty hours per week and was a non-exempt employee, however, Riddle was told by Robertson that she was not entitled to overtime pay.

32. As a result of Defendant's unlawful refusal to pay Riddle earned overtime, Riddle has suffered, and will continue to suffer, pecuniary harm.

33. During her employment, Riddle witnessed Defendants make employment decisions based on religion.

34. During Riddle's employment, Riddle requested to keep a prayer rug at work to use during her prayers and to take a short break each morning to perform prayers according to the Islamic faith ("Riddle Prayer Accommodation").

35. Riddle only needed approximately 15 minutes to complete her prayers as part of the Riddle Prayer Accommodation.

36. Robertson knew that Riddle had requested the Riddle Prayer Accommodation for Riddle's sincerely held Islamic beliefs.

37. Robertson regularly harassed Riddle because of her disagreement and animus towards the Riddle Prayer Accommodation.

38. Robertson regularly harassed Riddle after Riddle completed her morning prayers by demanding to know "why do you go in the back *every* day?"





39. Robertson regularly harassed Riddle after Riddle completed her morning prayers by demanding to know "what do you do in the back *every* day?"

40. Upon information and belief, Robertson is not a Muslim.

41. Robertson failed to accept Riddle's explanations about daily morning prayers in the Islamic faith.

42. Robertson made harassing comments about Riddle's religious beliefs by stating, "Claressa better take that *Muslim shit* home."

43. Upon information and belief, Robertson believed that Riddle should only worship one day a week similar to Christians.

44. Upon information and belief, Robertson believed that Riddle should not perform morning prayers at work.

45. Robertson told Riddle that she manually adjusted Riddle's self-reported time sheets because she had to take off all the time Riddle went into the back room to pray.

46. Riddle informed Robertson the she had already subtracted time for her morning prayers, yet Robertson continued to subtract additional time from Riddle's timesheets.

47. Robertson's animosity towards Riddle's religious beliefs caused Riddle to work regular and overtime hours without being paid.

48. During Riddle's employment, Robertson made harassing and offensive comments about Riddle's skin color.

49. During Riddle's employment, Robertson made harassing and offensive comments about the race of Citizens Bank customers.

50. During Riddle's employment, Robertson referred to African Americans as, "nigga."





51. During Riddle's employment, Robertson was taking about Riddle with Riddle's coworker, Marlo, when Marlo stated, "Claressa thinks she's better than us because she's light skinned." ("Riddle Skin Color Comment").

52. Riddle was offended by Robertson's use of the word, "nigga" in reference to African Americans.

53. Riddle was offended by the Riddle Skin Color Comment.

54. Robertson harassed Riddle because of her animus toward Riddle's skin color by scheduling Riddle to substitute at other branch locations when Riddle had sales meetings scheduled at her branch.

55. Robertson harassed Riddle because of her animus toward Riddle's religious beliefs by scheduling Riddle to substitute at other branch locations when Riddle had sales meetings scheduled at her branch.

56. Robertson harassed Riddle because of her animus toward Riddle's skin color by redirecting sales meetings away from Riddle to other employees.

57. Robertson harassed Riddle because of her animus toward Riddle's religious beliefs by redirecting sales meetings away from Riddle to other employees.

58. Robertson harassed Riddle because of her animus toward Riddle's skin color by refusing to train Riddle on opening or closing procedures.

59. Robertson harassed Riddle because of her animus toward Riddle's religious beliefs by refusing to train Riddle on opening or closing procedures.

60. Riddle reported Robertson's harassing and offensive conduct to Citizens Bank through her manager, Rose.

61. Rose told Riddle that Robertson was treating Riddle poorly because of attendance.

62. Prior to being terminated, Riddle complained to Rose about Robertson altering her time sheets.





63. Prior to being terminated, Riddle complained to Rose about Robertson's interference with Riddle's religious accommodation.

64. Prior to being terminated, Riddle complained to Rose about Robertson's harassment about Riddle's religious accommodation.

65. Prior to being terminated, Riddle complained to Rose about Robertson's harassing and offensive comments about race.

66. Defendants knew or should have known about Robertson's harassing conduct directed at Riddle because of Riddle's race.

67. Defendants knew or should have known about Robertson's harassing conduct directed at Riddle because of Riddle's religion.

68. Citizens Bank did not investigate or take remedial action in response to Riddle's complaints about Robertson's harassing conduct.

69. Riddle was terminated on October 27, 2016.

70. Robertson told Riddle it was her decision to terminate Riddle's employment.

71. Defendants did not provide Riddle with a reason for her termination.

72. Riddle was terminated as a result of requesting to be paid lawfully earned wages.

73. Riddle was terminated as a result of complaining about failing to receive overtime wages.

74. Riddle was terminated as a result of identifying that she was owed overtime wage compensation.

75. Riddle was terminated as a result of complaining about race discrimination and harassment.

76. Riddle was terminated as a result of complaining about discrimination and harassment based on religion.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

77. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.





78. At all times hereinafter mentioned, Defendant Citizens Bank was a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act ("FLSA").

79. During all times material to this complaint, Plaintiff was not exempt from receiving overtime and/or minimum wage under the FLSA because, inter alia, she was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

80. During all times material to this Complaint, Defendants violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate her at time-and-one-half times her regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

81. During all times material to this complaint, Defendants knew that Plaintiff was not exempt from the minimum wage and overtime obligations imposed by the FLSA.

82. During all times material to this complaint, Defendants knew of their requirement to pay Plaintiff at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half her regular rate for hours worked in excess of forty (40) hours per workweek.

83. Defendants willfully withheld and failed to pay overtime compensation to which Plaintiff was entitled.

84. Robertson willfully altered or changed Plaintiff's timesheets in an effort to avoid paying Plaintiff overtime wages.

85. Robertson willfully withheld and failed to pay overtime compensation to which Plaintiff was entitled.

86. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.





87. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff and those similarly situated for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

**COUNT II: VIOLATION OF THE OHIO WAGE ACT**

88. Riddle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

89. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

90. During all times material to this Complaint, Plaintiff was a covered employee entitled to individual protection of the Ohio Wage Act.

91. During all times material to this Complaint, Defendants were covered employers required to comply with the Ohio Wage Act's mandates.

92. Riddle worked over forty hours per workweek during her employment with Defendant.

93. Defendants did not pay Riddle overtime wages for hours worked over forty per workweek.

94. Pursuant to Ohio Rev. Code § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek.

95. Riddle was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A).

96. As a direct and proximate result of Defendants' failure to pay Riddle her lawfully earned overtime wages, Riddle suffered damages.

97. Defendant Robertson acted willfully, without a good faith basis and with reckless disregard in violating O.R.C. §§ 4111.01, *et seq*.

98. Defendants acted in bad faith in violating O.R.C. §§ 4111.01, *et seq*.





99. As a direct and proximate result of Defendants' failure to pay Riddle her lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Defendants are liable to Riddle for the full amount of the overtime wage rate, as well as for costs and reasonable attorneys' fees as may be allowed by the Court.

**COUNT III: RELIGIOUS DISCRIMINATION**

100. Riddle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. Throughout her employment, Riddle was fully competent to perform her essential job duties at Citizens Bank.

102. Riddle is Muslim.

103. Riddle is a member of a statutorily-protected class under Ohio Revised Code § 4112.02(A).

104. The Defendants treated Riddle differently than other similarly situated employees based on her religion: Islam.

105. Defendants, by and through Robertson, denied Riddle an accommodation for her sincerely held religious beliefs.

106. Defendants, by and through Robertson, refused to accommodate Riddle's sincerely held religious beliefs.

107. Robertson harassed Riddle because of Riddle's sincerely held religious beliefs.

108. Robertson intentionally interfered with Riddle's religious beliefs.

109. The Defendants terminated Riddle from her employment without just cause.

110. The Defendants terminated Riddle based on her religion.

111. The Defendants violated Ohio Revised Code § 4112.02(A) by discriminating against Riddle due to her religion.







112. The Defendants violated Ohio Revised Code § 4112.02(A) by harassing Riddle due to her religion.

113. The Defendants violated Ohio Revised Code § 4112.02(A) by refusing to provide Riddle with an accommodation for her sincerely held religious beliefs.

114. The Defendants violated Ohio Revised Code § 4112.02(A) when they terminated Riddle.

115. As a direct and proximate cause of the Defendants' wrongful conduct, Riddle has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT IV: HOSTILE WORK ENVIRONMENT BASED ON RACE HARASSMENT IN VIOLATION OF R.C. §§ 4112.02, 4112.99.**

116. Riddle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

117. During her employment with Defendants, Riddle was subjected to offensive and harassing conduct based on her race.

118. The unwelcomed harassment against Riddle was sufficiently severe or pervasive to affect the terms, conditions or privileges of Riddle's employment.

119. The harassing conduct Riddle experienced had the purpose and/or effect of unreasonably interfering with Riddle's job duties and created an intimidating, hostile, and offensive working environment. *See* R.C. § 4112-5-05(J)(1)(c).

120. Defendants knew or should have known of the harassing conduct against Riddle by Robertson and other Citizens Bank employees.

121. Defendants condoned, tolerated and ratified the harassing conduct Riddle experienced.

122. The harassing conduct was offensive to Riddle.

123. The offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Riddle.





124. As a direct and proximate cause of Defendants' conduct, Riddle suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT V: RETALIATORY WRONGFUL TERMINATION IN VIOLATION OF OHIO REVISED CODE § 4112.02(I)**

125. Riddle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

126. Pursuant to Ohio Revised Code § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section. …"

127. Riddle opposed Defendants' harassment based on religious beliefs.

128. Riddle opposed Defendants' interference with Riddle's religious accommodation.

129. Riddle reported harassment and offensive conduct to her manager.

130. As a result of Riddle's opposing unlawful harassment and discrimination, Defendants terminated Riddle's employment.

131. Defendants acted with actual malice when they retaliated against Riddle.

132. Defendants' conduct was in violation of R.C. § 4112.02(I).

133. As a direct and proximate cause of Defendants wrongful conduct, Riddle has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT VI: UNLAWFUL RETALIATION BASED ON PROTECTED WAGE COMPLAINTS.**

134. Riddle restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

135. Throughout Riddle's employment, she made complaints to Defendants regarding their failure to pay her overtime compensation.



The Employee's Attorney.™



136. Following Riddle's complaints and as a proximate cause of her complaints, Defendants retaliated against Riddle by terminating her employment.

137. Pursuant to 29 U.S.C. § 215, no employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with the overtime compensation provisions of 29 U.S.C. § 201 *et seq.*

138. Defendants' act of terminating Riddle from her employment constituted a retaliatory discharge in violation of 29 U.S.C. § 215.

139. As a direct and proximate cause of Defendants' retaliatory conduct, Riddle suffered and will continue to suffer damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Claressa Riddle respectfully requests that this Honorable Court grant the following relief:

(a) Awarding to Plaintiff unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Plaintiff such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Defendants from engaging in future violations of the FLSA and the Ohio Wage Act;

(e) Issue a permanent injunction:

(i) Requiring Defendants to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(iv) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(f) Issue an order requiring Defendants to restore Riddle to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(g) An award against Defendants of compensatory and monetary damages to compensate Riddle for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(h) An award of punitive damages against Defendants in an amount in excess of $25,000;

(i) An award of reasonable attorneys' fees and non-taxable costs for Riddle's claims as allowable under law;

(j) An award of the taxable costs of this action;

(k) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever; and

(l) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Tiffany Fischbach*

Tiffany Fischbach (0083348)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: Tiffany.Fischbach@spitzlawfirm.com

*Attorney or Plaintiff Claressa Riddle*







**JURY DEMAND**

Plaintiff Claressa Riddle demands a trial by jury by the maximum number of jurors permitted.

*/s/ Tiffany Fischbach*
Tiffany Fischbach (0083348)
**THE SPITZ LAW FIRM, LLC**



